Submitted October 3, 2008, reversed and remanded March 19, 2009

Sylvester J. HOFFART
and Louise T. Hoffart,
*Plaintiffs-Appellants,*

*v.*

Hal C. WIGGINS,
*Defendant,*

*and*

Joanne WIGGINS
and DWD Contractors, Inc.,
*Defendants-Respondents.*

Washington County Circuit Court
C064483CV; A136936

204 P3d 173

Appellants Sylvester J. Hoffart and Louise T. Hoffart filed the briefs *pro se*.

Craig O. West filed the brief for respondents.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Plaintiffs appeal after the trial court granted summary judgment on their claim for financial abuse of a vulnerable person under ORS 124.110. We reverse and remand.

According to plaintiffs, they entrusted monies to defendants on different occasions beginning in 1982 so that defendant Hal Wiggins could invest on their behalf. The arrangement required defendants to pay a greater return of interest on the money than plaintiffs could obtain from other investment opportunities and required that the entire sum of money be returned to plaintiffs upon their request. In 2004, plaintiffs requested that their money be returned to them, but defendants allegedly refused to return all of the monies owed to them except for $71,500, which defendants paid back. Plaintiffs filed an action in circuit court against defendants to recover the remainder of what they claimed was owed to them and alleged that defendants had acted in bad faith in failing to return the entire amount of their investment, knowing of the right of plaintiffs' right to the return of their monies.

Defendants denied owing plaintiffs any additional monies and moved for summary judgment on plaintiffs' claim, asserting that a claim under ORS 124.110(1) requires a wrongful taking. At the hearing on the motion, plaintiffs agreed that when they transferred the money to defendants in 1982, it was a "legitimate transaction." Accordingly, the trial court, apparently adopting defendants' argument, ruled that summary judgment for defendants was proper on the ORS 124.110 claim because, in the court's view, although plaintiffs could assert a breach of contract claim for the improper retention of money, "the initial taking of the money has to be wrongful" for purposes of a financial abuse claim.[1]

On appeal, plaintiffs argue that the trial court erred because, although ORS 124.110(1) contemplates an action for the wrongful taking or appropriation of money from vulnerable persons, "it also prohibits the wrongful *retention* of

---

[1] Plaintiffs' other claim based on a breach of contact theory was decided adversely to plaintiffs after a jury trial.

money belonging to vulnerable persons. ORS 124.110[1](b)." (Emphasis in original.) Defendants respond that plaintiffs in their brief "argue[ ] a 'wrongful retention of money.' * * * As noted above, there was no 'wrongful' conduct. The record confirms a legitimate business relationship between the Appellants and Defendant Hal Wiggins."

ORS 124.110 provides, in relevant part:

"(1)   An action may be brought under ORS 124.100 for financial abuse in the following circumstances:

"(a)   When a person wrongfully takes or appropriates money or property of a vulnerable person, without regard to whether the person taking or appropriating the money or property has a fiduciary relationship with the vulnerable person.

"(b)   When a vulnerable person requests that another person transfer to the vulnerable person any money or property that the other person holds or controls and that belongs to or is held in express trust, constructive trust or resulting trust for the vulnerable person, and the other person, without good cause, either continues to hold the money or property or fails to take reasonable steps to make the money or property readily available to the vulnerable person when:

"(A)   The ownership or control of the money or property was acquired in whole or part by the other person or someone acting in concert with the other person from the vulnerable person; and

"(B)   The other person acts in bad faith, or knew or should have known of the right of the vulnerable person to have the money or property transferred as requested or otherwise made available to the vulnerable person."

■      We agree with defendants' argument that in an action based on ORS 124.110(1)(a), any taking must be "wrongful" in order to be actionable. *See Church v. Woods*, 190 Or App 112, 117, 77 P3d 1150 (2003) (statutory claim for financial abuse pursuant to ORS 124.110(1)(a) requires a wrongful taking). However, plaintiffs' claim in this case is based on the theory that defendants "acted in bad faith in refusing to return to Plaintiffs the principal amount of their

investment and at all times knew of the right of the Plaintiffs to the return of their funds." Plaintiffs' allegations, read as a whole, implicate the provisions of ORS 124.110(1)(b)(A) and (B). A claim is stated under those provisions when it is alleged that (1) the vulnerable person requests that another person transfer money to the vulnerable person; (2) the money requested to be transferred belongs to the vulnerable person; (3) the other person continues to hold the money or fails to take reasonable steps to make the money readily available to the vulnerable person; (4) the money was acquired from the vulnerable person; and (5) "the other person acts in bad faith, or knew or should have known of the right of the vulnerable person to have the money * * * transferred as requested or otherwise made available to the vulnerable person."

Defendants' argument that the initial taking must be wrongful for an action to exist under the statute would add an additional element that does not appear in the language of ORS 124.110(1)(b). Although ORS 124.110(1)(a) requires proof that the defendant "wrongfully takes or appropriates" money or property, ORS 124.110(1)(b) contains no such requirement. Moreover, to add such a requirement for a claim to be made under the statute would offend the admonition in ORS 174.010 that courts are not to insert into statutes language that has been omitted but shall simply ascertain and declare what is, in terms or in substance, contained therein. Clearly, had the legislature intended that a "wrongful taking" be an element for financial abuse based on the wrongful retention of a vulnerable person's money or property, it knew how to impose that requirement and could have done so. Accordingly, we conclude that the trial court incorrectly ruled that plaintiffs were required to demonstrate a wrongful taking before they could prevail on their statutory claim.

Defendants also argue that plaintiffs produced no evidence to support their allegation that defendants acted in bad faith. According to defendants, the record reflects only a dispute over the amount of money and the need for an accounting of funds for the alleged breach of contract. However, at the summary judgment hearing and after Sylvester Hoffart attempted to explain the circumstances

concerning plaintiffs' demand for the return of the monies from defendants and defendants' subsequent refusal, the trial court told Hoffart, "I am not deciding today whether or not Mr. Wiggins owes you or doesn't owe you money." Instead, it ruled, "[t]hat's a decision that is going to get made by probably a jury at a later point in time." As stated above, the record demonstrates that defendants returned some money to plaintiffs. Whether defendants acted in bad faith in retaining any additional monies is part of the issue of whether defendants owed monies to plaintiffs, an issue that the trial court ruled presented a jury question. To the extent that defendants seek to have summary judgment affirmed on appeal based on plaintiffs' failure to demonstrate that defendants acted in bad faith in refusing to return funds that they allegedly owed to plaintiffs, it is clear from the record that the trial court ruled that that issue was not a proper ground for summary judgment. We agree with the trial court.

Defendants make several other arguments in response to plaintiffs' claim of error, including that "[plaintiffs] failed to provide the necessary, admissible evidence to defeat [defendants'] Motion for Partial Summary Judgment" because plaintiffs' affidavit "was not based on his personal knowledge and it did not contain admissible evidence." The trial court did not rule on that basis. Plaintiffs appeared at the summary judgment hearing *pro se*, and it is unclear from the record whether the trial court would have permitted them to augment the record had defendants clearly raised the above issue in the trial court. For that reason, under *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), we will not consider whether the trial court's ruling was correct, albeit for the wrong reason.

Finally, defendants point to the fact that the trial of plaintiffs' remaining breach of contract claim resulted in a defense verdict in favor of defendant Hal Wiggins. It may be that the doctrine of issue preclusion applies to plaintiffs' financial abuse claim, but that fact-bound issue was not before the trial court when it ruled on defendants' motion for summary judgment. Consequently, that argument, if raised

by defendants on remand, will have to be considered by the trial court at that time.

Reversed and remanded.