**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORRAINE BATES; CHARLES EHRMAN BATES; EILEEN BURKE; JACI EVANS, as Successor Personal Representative for the Estate of Thomas Marier; and DALLA FRANCIS, as Personal Representative for the Estate of George Alexander, *Plaintiffs-Appellants*, v. BANKERS LIFE AND CASUALTY COMPANY, an Illinois insurance company; CNO FINANCIAL GROUP, INC., a Delaware corporation, *Defendants-Appellees*. | No. 14-35397 D.C. No. 3:13-cv-00580-PK ORDER CERTIFYING A QUESTION TO THE OREGON SUPREME COURT |

Filed February 24, 2017

Before: Richard R. Clifton, Mary H. Murguia, and Jacqueline H. Nguyen, Circuit Judges.

## SUMMARY[*]

### Certification to Oregon Supreme Court

The panel certified the following question of state law to the Oregon Supreme Court:

> Does a plaintiff state a claim under Oregon Revised Statutes § 124.110(1)(b) for wrongful withholding of money or property where it is alleged that an insurance company has in bad faith delayed the processing of claims and refused to pay benefits owed under an insurance contract?

### COUNSEL

Rachele R. Selvig (argued) and Christopher L. Cauble, Cauble & Cauble LLP, Grants Pass, Oregon; Michael L. Williams and Leslie W. O'Leary, Williams O'Leary LLC, Portland, Oregon; for Plaintiffs-Appellants.

Adam J. Kaiser (argued), Jeffrey J. Amato, and Matthew A. Stark, Winston & Strawn LLP, New York, New York; Ilan Wurman, Winston & Strawn LLP, Washington, D.C.; Vicki L. Smith, Lane Powell PC, Portland, Oregon; for Defendants-Appellants.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

Pursuant to Oregon Revised Statutes § 28.200, we certify to the Oregon Supreme Court the following question:

> Does a plaintiff state a claim under Oregon Revised Statutes § 124.110(1)(b) for wrongful withholding of money or property where it is alleged that an insurance company has in bad faith delayed the processing of claims and refused to pay benefits owed under an insurance contract?

The answer to this question will determine the outcome of this appeal. We find no controlling precedent in the decisions of the Oregon Supreme Court or intermediate appellate courts. We will adhere to the answer provided by the Oregon Supreme Court. We do not presume to bind the Oregon Supreme Court to our framing of this question of state law, and we recognize that the Oregon Supreme Court may, in its discretion, answer this question in any form that it chooses. If the Oregon Supreme Court declines certification, we will resolve the question according to our best understanding of Oregon law.

## I.

Plaintiffs are elderly Oregonians or their successors who purchased long-term healthcare insurance policies sold by Bankers Life and Casualty Company and its parent company, CNO Financial Group, Inc. ("Bankers"). These policies are designed to provide health services for elderly people who can no longer care for themselves and are intended to cover expenses for in-home care providers, assisted living facilities, and nursing homes.

Plaintiffs allege that Bankers developed onerous procedures to delay and deny insurance claims. Examples of these procedures include failing to answer phone calls, losing documents, delaying or denying claims without notifying policyholders, denying claims for reasons that did not comport with Oregon law, and paying policyholders less than what they were owed under their policies. Bankers allegedly collected premium payments and, without good cause, delayed and denied insurance benefits to which Plaintiffs were entitled under their policies.

Plaintiffs brought suit in the District Court of Oregon, seeking damages and equitable relief. They asserted claims for breach of contract, intentional misconduct, fraud, and violations of Oregon's financial abuse statute. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed, *inter alia*, Plaintiffs' financial abuse claim on the ground that Oregon's financial abuse statute applies only in the "bailment or trust scenarios expressly referenced in the statutory language." *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1345 (D. Or. 2014).

On appeal, Plaintiffs challenge the dismissal of their claim under Oregon's financial abuse statute. We now certify to the Oregon Supreme Court the question regarding the scope of Oregon's financial abuse statute and ask the Court to exercise its discretion to accept and answer this question.

## II.

Oregon Revised Statutes §§ 124.100 through 124.140 establish a framework for bringing a civil action for abuse of a vulnerable person. The financial abuse statute states in relevant part:

(1) An action may be brought . . . for financial abuse in the following circumstances:

. . . .

(b) When a vulnerable person requests that another person transfer to the vulnerable person any money or property that the other person holds or controls and that belongs to or is held in express trust, constructive trust or resulting trust for the vulnerable person, and the other person, without good cause, either continues to hold the money or property or fails to take reasonable steps to make the money or property readily available to the vulnerable person when:

> (A) The ownership or control of the money or property was acquired in whole or in part by the other person or someone acting in concert with the other person from the vulnerable person; and

> (B) The other person acts in bad faith, or knew or should have known of the right of the vulnerable person to have the money or property transferred as requested or otherwise made available to the vulnerable person.

Or. Rev. Stat. § 124.110.  Plaintiffs contend that this statute allows them to recover the insurance benefits to which they are contractually entitled.[1]

Plaintiffs argue that the statute is broad enough to encompass claims against insurance companies for benefits due under their insurance policies.  A claim is actionable, they assert, when a person "continues to hold" or "fails to take reasonable steps" to make available the vulnerable person's money or property.  *Id.* at § 124.110(1)(b).  Plaintiffs also contend that the statute imposes liability as long as the defendant "acts in bad faith, or knew or should have known of the right of the vulnerable person to have the money or property transferred as requested."  *Id.* at § 124.110(1)(b)(B).  In addition to the text of the statute, Plaintiffs rely on a statutory list of exempted institutions that does not include insurance companies, Or. Rev. Stat. § 124.115, the 1999 expansion of the financial abuse statute, 1999 Or. Laws, ch. 305, and federal district court decisions construing California's financial abuse statute, *see Rosove v. Cont'l Cas. Co.*, No. 14-CV-01118, 2014 WL 2766161, at *5 (C.D. Cal. June 2, 2014); *Johnston v. Allstate Ins. Co.*, No. 13-CV-574, 2013 WL 2285361, at *4 (S.D. Cal. May 23, 2013).

Bankers on the other hand argues that the scope of Oregon's financial abuse statute, by its plain language, does

---

[1] Although Plaintiffs had alleged that Bankers induced them to enter into their long-term healthcare policies, Plaintiffs have abandoned that theory and expressly do not pursue a fraudulent inducement or wrongful taking of premiums claim under subsection (1)(a) of Oregon Revised Statutes 124.110.  Plaintiffs press only a wrongful withholding of money or property claim under subsection (1)(b) on the basis of Bankers' bad faith denial and delay of insurance claims.

not include claims against insurance companies for benefits. Bankers focuses on the language, "acquired in whole or in part . . . from the vulnerable person," to argue that the statute does not cover typical sales or services transactions. Or. Rev. Stat. § 124.110; *see also Hoffart v. Wiggins*, 204 P.3d 173, 175 (Or. Ct. App. 2009). Bankers reasons that the vulnerable person is limited to a return of the *same* money or property that the insurer acquired from that vulnerable person, as in a bailment or trust scenario. In addition to the text of the statute, Bankers relies on the elements of a claim for financial abuse set forth in *Hoffart v. Wiggins*, 204 P.3d at 175.

Without guidance from the Oregon Supreme Court or any Oregon appellate court, we are not confident of the correct interpretation of Oregon's financial abuse statute. While the statute's legislative history suggests that the statute may be applied to contractual relationships, it does not shed light on whether the statute's breadth encompasses the wrongful withholding of insurance benefits owed under a policy. *See Wyers v. Am. Med. Response Nw., Inc.*, 377 P.3d 570, 580 (Or. 2016); *Abuse of the Elderly and Incapacitated: Hearing on S.B. 6 Before the H. Comm. on Judiciary*, 1999 Leg., 70th Sess., Tape 166, Side A (Or. 1999) (statement of Rep. Lane Shetterly). Because the resolution of this case turns solely on Oregon law, we can only predict how the Oregon Supreme Court would rule. *See Patton v. Target Corp.*, 580 F.3d 942, 948 (9th Cir. 2009). Therefore, we certify this question of law to the Oregon Supreme Court so that we, as well as the Oregon bar, might benefit from an authoritative decision on this issue. *See id.*

### III.

In an opinion published concurrently with this order, we resolved a separate question of whether our court has jurisdiction to review the district court's decision to strike the class allegations. All other further proceedings in this case are stayed pending receipt of the answer to the certified question or notification by the Oregon Supreme Court that it declines to answer the certified question. The parties shall notify this court within ten days after the Oregon Supreme Court accepts or rejects certification. In the event that the Oregon Supreme Court accepts certification, the parties shall file a joint status report with this court six months after the date of acceptance and every six months thereafter, or within ten days of the Oregon Supreme Court's decision, whichever is earlier.

The Clerk shall file a certified copy of this order with the Oregon Supreme Court under Oregon Revised Statutes § 28.215. The Clerk shall also provide a copy of the record in this case, in whole or in part, to the Oregon Supreme Court upon request.

**IT IS SO ORDERED.**